```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
                                                                  :
MIRIAM CAMARA,                                                    :
                                                                  :
                          Plaintiff,                              :
                                                                  :    21-cv-1713 (LJL)
         -v-                                                      :
                                                                  :    ORDER
ALLTRAN FINANCIAL LP,                                             :
                                                                  :
                          Defendant.                              :
                                                                  :
------------------------------------------------------------------X
```

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 9/1/2021

LEWIS J. LIMAN, United States District Judge:

Plaintiff Miriam Camara ("Plaintiff" or "Camara") moves, pursuant to Federal Rule of Civil Procedure 26(b)(1) and 37, to compel responses to document requests, interrogatories, and requests for admission served on Defendant Alltran Financial LP ("Defendant" or "Alltran"). Dkt. No. 18.

Under the Federal Rules of Civil Procedure, discovery is limited to nonprivileged matters that are relevant to any party's claim or defense. Fed. R. Civ. P. 26(b)(1). "On motion or on its own, the court must limit the . . . extent of discovery allowed if [the Court] determines that: (i) the discovery . . . can be obtained from some other source that is more convenient, less burdensome, or less expensive; [or] (iii) the proposed discovery is outside the scope permitted by Rule 26(b)(1)." Fed. R. Civ. P. 26(b)(1)(C). In assessing relevance under Rule 26(b)(1), a court considers "the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, [and] the importance of the discovery in resolving the issues." Fed. R. Civ. P. 26(b)(1).

With respect to requests for admission, the Court stated the applicable principles in *Rubinstein v. Music Sales Corp.*, 2021 WL 3374539, at *3 (S.D.N.Y. Aug. 3, 2021):

> Under Rule 36(a)(1), a party may serve a request for admission 'relating to: (A) facts, the application of law to fact, or opinions about either." Fed. R. Civ. P. 36(a)(1)(A). The advisory committee notes to the 1970 amendment explain that the rule "does not authorize requests for admission of law unrelated to the facts of the case." *Id*. advisory committee's note to 1970 amendment. "The distinction is not always easy to apply" and "[t]he Court is 'invested with substantial discretion under Rule 36 . . . to determine the propriety of plaintiff's requests.'" *Versatile Housewares v. SAS Group*, 2010 WL 11601225, at *1 (S.D.N.Y. July 15, 2010) (quoting *Dubin v. E.F. Hutton Group,* 125 F.R.D. 372, 373 (S.D.N.Y. 1989)).

Plaintiff alleges violations of the Fair Debt Collection Practice Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.*, the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 *et seq.*, and the New York general consumer fraud law, New York General Business Law § 239 ("GBL"). Dkt. No. 1. As a result of the FDCPA violation, Plaintiff seeks actual damages, statutory damages in an amount up to $1,000,000 and reasonable attorney's fees and costs. *Id.* ¶ 76. Plaintiff seeks actual damages, costs and reasonable attorneys' fees under the New York consumer fraud statute. *Id.* ¶ 78. Under the FCRA, Plaintiff seeks actual, statutory, and punitive damages and reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1681n. *Id.* ¶ 81.

Defendant has admitted that it violated the FDCPA and that it is liable both for actual damages and attorney's fees as well as for statutory damages. Dkt. No. 26. Defendant also has moved for judgment on the pleadings on the FCRA and GBL § 349 claims, arguing that the complaint's allegations fail to state a claim for relief under those statutes. Dkt. Nos. 20, 21. It argues that the plain language of the FCRA permits a debt collector to access a consumer report for the purpose of debt collection. 15 U.S.C. § 1681(h)(a)(3)(A). It also argues that the complaint does not allege a consumer-oriented practice sufficient to satisfy Section 349 of the GBL. Dkt. No. 21. Defendant's admission to liability plainly bears on "the importance of the discovery in resolving the issues." Fed. R. Civ. P. 26(b)(1)(C).

Based on the relevant facts and applying those principles, the following constitutes the Court's rulings. Defendant shall answer the following interrogatories within 30 days of today's order: (1), (2). Interrogatories (3) and (4) can be more efficiently addressed through Defendant's proposed 30(b)(6) deposition. Defendant is granted a protective order against having to answer the remaining interrogatories.

The Court understands Defendant to have produced documents that satisfy requests 1, 2, 11, and 24. Defendant's motion for a protective order against request numbers 23 and 25 is denied and such documents shall be produced within 30 days, subject to Defendant's continuing obligations as to those requests. Plaintiff may inquire into the subject of document requests (4) (training regarding the FDCPA) and into training for compliance with the FCRA (assuming that claim survives the motion) during the Rule 30(b)(6) deposition. A protective order is granted with respect to the remainder of the requests on the grounds that the requested discovery, as phrased, is disproportionate to the needs of the case and its likely benefit, as well as to the importance of the issues at stake, and the importance of the discovery in resolving the issues.

The motion to compel responses to the requests for admission is denied.

The Clerk of Court is respectfully directed to close the motion at Dkt. No. 18.

SO ORDERED.

Dated: September 1, 2021
      New York, New York
                                                 LEWIS J. LIMAN
                                                 United States District Judge