```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------X
                                                                       :
MIRIAM CAMARA,                                                         :
                                                                       :
                          Plaintiff,                                   :
                                                                       :        21-cv-1713 (LJL)
               -v-                                                     :
                                                                       :        MEMORANDUM &
ALLTRAN FINANCIAL LP,                                                  :        ORDER
                                                                       :
                          Defendant.                                   :
                                                                       :
-----------------------------------------------------------------------X
```

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 9/22/2021

LEWIS J. LIMAN, United States District Judge:

      Defendant Alltran Financial LP ("Alltran" or "Defendant") moves, pursuant to Federal Rule of Civil Procedure 26(c), for a protective order protecting Alltran from presenting a Rule 30(b)(6) witness for deposition until the Court rules on a pending motion for judgment on the pleadings, Dkt. No. 20, and until after a settlement conference scheduled for October 4, 2021, before Magistrate Judge Gabriel W. Gorenstein. The deposition notice would have an Alltran representative testify on 33 different topics, including the factual basis for Alltran's answer and its defenses, and Alltran's net worth. Dkt. No. 43-1.

      Upon a showing of good cause, the Court may grant a motion to stay discovery. *See Cambridge Capital LLC v. Ruby Has LLC*, 2021 WL 2413320, at *1 (S.D.N.Y. June 10, 2021). "Courts consider: '(1) [the] breadth of discovery sought, (2) any prejudice that would result, and (3) the strength of the motion.'" *Hong Leong Fin. Ltd. (Singapore) v. Pinnacle Performance Ltd.*, 297 F.R.D. 69, 72 (S.D.N.Y. 2013) (quoting *Brooks v. Macy's Inc.*, 2010 WL 5297756, at *2 (S.D.N.Y. Dec. 21, 2010)). In turn, the "strength of the motion" is satisfied by a showing that there are "substantial grounds" for dismissal or, put otherwise, a "strong showing that [the party moving for the stay] is likely to succeed on the merits." *Id.* (quoting *U.S. S.E.C. v. Citigroup Glob. Mkts., Inc.*, 673 F.3d 158, 162-63 (2d Cir. 2012)).

      Defendant has made the requisite showing and the 30(b)(6) deposition will be stayed pending a decision on the motion for judgment on the pleadings and the conclusion of the October 4, 2021 settlement conference. The Court previously denied an oral motion by Defendant to stay discovery. Dkt. No. 22. That motion (1) was made in the face of a request by Plaintiff for Defendant to answer document requests and interrogatories, (2) sought a stay of all discovery, and (3) was made on the day that the motion for judgment on the pleadings was filed. Dkt. No. 18. Following that conference, the Court granted Plaintiff's motion to compel in part and denied it in part, ruling that certain topics that were the subject of Plaintiff's document requests could be more efficiently addressed through a Rule 30(b)(6) deposition. Dkt. No. 29.

      The Court has since had the opportunity to review the motion for judgment on the pleadings, as well as the Plaintiff's opposition to that motion and the reply memorandum in further support of the motion. Dkt. Nos. 20, 21, 26, 42. The motion is addressed to Plaintiff's

claims under the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681, and the New York Consumer Protection Act, N.Y. Gen. Bus. Law § 349.  Defendant has conceded liability with respect to Plaintiff's claims under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692.[1]  The motion directed to the FCRA argues that Defendant had a permissible purpose to obtain Plaintiff's credit report as Defendant was retained by Plaintiff's creditor to collect her outstanding debt.  Dkt. No. 21 at 1; *see* 15 U.S.C. § 1681b(f)(1) ("A person shall not use or obtain a consumer report for any purpose unless - - (1) the consumer report is obtained for a purpose for which the consumer report is authorized to be furnished under this section"); 15 U.S.C. § 1681b(a)(3)(A) (a "consumer reporting agency may furnish a consumer report . . . [to] a person which it has reason to believe (A) intends to use the information in connection with a credit transaction involving the consumer on whom the information is to be furnished and involving the . . . review or collection of an account of, the consumer"); *Stonehart v. Rosenthal*, 2001 WL 910771, at *3 (S.D.N.Y. Aug. 13, 2001) ("To prove a violation of section 1681b, a plaintiff must show that credit information was obtained for an impermissible purpose").  The motion directed to Section 349 argues that the complaint does not allege consumer-oriented conduct.  Dkt. No. 21 at 1; *see Oswego Laborers' Loc. 214 Pension Fund v. Marine Midland Bank, N.A*, 647 N.E.2d 741, 745 (N.Y. 1995) ("as a threshold matter, plaintiffs claiming the benefit of section 349, . . . must charge conduct of the defendant that is consumer-oriented"); *Coppelson v. Serhant*, 2021 WL 148088, at *4-5 (S.D.N.Y. Jan. 15, 2021) (same)

Plaintiff responds that Defendant's purpose was certified to be "account review" and not "collection" and that the mere fact that Defendant is a debt collector does not entitle it to pull a credit report.  Dkt. No. 39 at 11-12; *see Braun v. United Recovery Sys., LP*, 14 F. Supp. 3d 159, 169 (S.D.N.Y. 2014) (denying motion to dismiss on grounds of permissible purpose where "nothing in Plaintiff's Amended Complaint or the exhibits attached thereto suggests the existence of such a debt or its assignment to Defendant").  It also argues that the Complaint pleads that at no time was Defendant in possession of documents which conferred upon it the legal standing to collect any debt from Plaintiff.  *Id.* at 12 (citing Dkt. No. 1 ¶ 27).  With respect to the Section 349 claim, Plaintiff argues that the Complaint does not contain any allegation that the transaction in dispute was unique to the parties.  Dkt. No. 39 at 15.

Defendant has demonstrated that there are substantial grounds for dismissal of both the FCRA and the Section 349 claims.  With respect to the FCRA, although Plaintiff denies that it owed any debt to Defendant, the complaint alleges that Alltran is a "debt collector" and that its "principal purpose . . . is the collection of debts using the legal system," and alleges that Alltran engaged in "collection efforts to collect . . . debt from Plaintiff."  Dkt. No. 1 ¶¶ 9, 10, 21-22, 30, 44.  Without prejudging the question, there is a substantial argument that these allegations and others are sufficient to establish a permissible purpose and that Plaintiff has alleged insufficient facts to plausibly suggest an impermissible purpose.  With respect to the Section 349 claim, there is a substantial argument that the complaint does not sufficiently allege consumer-oriented conduct.

---

[1]  Defendant's statement in its memorandum in support of the motion is more guarded than the statement it made during a conference with the Court and upon which the Court relied.  In the memorandum, Alltran states that "there is a basis for the FDCPA claim."  Dkt. No. 21 at 1, n.1.  During the conference, Alltran stated that it had conceded liability under the FDCPA.  *See* Dkt. No. 22.  Alltran is directed to inform the Court if the Court has misunderstood Alltran's admission.

The motion is also supported by the nature of the discovery sought to be stayed. On the one hand, the requested stay is narrow. It only addresses the Rule 30(b)(6) deposition notice. The requested stay will not relieve either party of the obligation to respond to document requests or other discovery under the current Case Management Plan and Scheduling Order. Thus, the stay does not impose a particular burden on Plaintiff. On the other hand, to allow the deposition to go forward now would impose a substantial burden on Defendant, when much of the information sought may be unnecessary if Defendant's motion for judgment is granted.

The Court recognizes that it denied certain of Plaintiff's interrogatories and requests for documents in favor of a Rule 30(b)(6) deposition. Dkt. No. 29. But that Order did not address the timing of the Rule 30(b)(6) deposition and stated that Plaintiff could inquire into "training for compliance with the FCRA (assuming that claim survives the motion) during the Rule 30(b)(6) deposition." *Id.* It thus presumed that the deposition would follow a decision on the motion for judgment on the pleadings, which is now fully submitted.

Finally, Plaintiff has made no showing of prejudice. The complaint, which was filed in February 2021, complains of actions that took place from 2019 to approximately April 2020. There is no allegation of any continuing conduct, or the threat of continuing conduct, directed to Plaintiff. There is no reason to believe that the short delay in the deposition that will be occasioned by this Order will prejudice Plaintiff. To the contrary, it should help ensure that the deposition—when it takes place—addresses the issues that will remain in the case.

The requested stay will affect the Case Management Plan and Scheduling Order which currently provides that all discovery in the case shall be completed no later than October 8, 2021, that a post-discovery status conference shall be held on October 14, 2021; and the proposed joint pretrial order shall be submitted no later than October 22, 2021. Dkt. No. 13. The parties are relieved of the obligation to conduct the 30(b)(6) deposition by October 8, 2021. A new date for that deposition will be set after the motion for judgment on the pleadings is decided. The post-discovery status conference and the deadline for the joint pretrial order are suspended sine die.

SO ORDERED.

Dated: September 22, 2021
New York, New York

LEWIS J. LIMAN
United States District Judge